```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

Jason Cox,                          :
     Petitioner,                    :
                                    :    Crim. No. 3:00CR69 (AHN)
v.                                  :
                                    :
United States of America,           :
     Respondent.                    :
```

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Jason Cox ("Cox") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his January 23, 2001 conviction be vacated, set aside, and/or corrected, and for an evidentiary hearing. Cox was convicted by a jury for several violations of the federal drug trafficking and firearms laws and was sentenced on May 17, 2001 to 420-months imprisonment. He now challenges his imprisonment on several grounds. As set forth below, his petition, as amended [dkt. ## 193, 200, 226] is denied.

### BACKGROUND

Cox and his brother Clinton Cox began selling crack cocaine in and around Bridgeport, Connecticut in 1995. They recruited other individuals to help them in their drug activities including Willie Grant ("Grant"), Thomas Marazita ("Marazita"), and Robert Davis ("Davis"), all of whom later became cooperating government witnesses. After receiving information that Cox and others were selling crack cocaine, Connecticut police officers were assigned to make undercover purchases of crack cocaine from Cox.

1

Specifically, on several occasions during the period April to June 1998, undercover officers contacted Cox to arrange delivery of crack and on February 9, 2000, Marazita, who was cooperating with the police, bought crack from Cox in a controlled purchase. In one particular drug transaction in 1998, Marazita gave Cox a gun as collateral in exchange for crack cocaine.

On April 4, 2000, a federal grand jury sitting in Bridgeport, Connecticut indicted the Cox brothers and Grant on various drug and gun charges.  After Grant pleaded guilty, the grand jury returned a superseding indictment charging Jason and Clinton Cox with numerous counts of drug and gun offenses under 21 U.S.C. §§ 846, 841 and 18 U.S.C. §§ 922 and 924.  The government filed notice pursuant to 21 U.S.C. § 851 of its intent to seek enhanced sentencing penalties against the Cox brothers based on their prior felony drug conviction.  Thereafter, the felon-in-possession counts brought under 18 U.S.C. § 922(g)(1) were severed, and one count of possession with intent to distribute was dismissed.  The remaining counts included one count of conspiracy to possess with the intent to distribute and to distribute more than fifty grams of cocaine base between approximately January 1, 1997 and April 2000 in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), seven counts of possession with the intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) on various dates in 1998 and 2000, and one count charging Cox with using and carrying a

firearm during and in relation to a drug trafficking crime on approximately June 20, 1998, in violation of 18 U.S.C. § 924(c).

A trial was held and on January 23, 2001, the jury returned guilty verdicts against Cox on each of these counts. Based on the statutory provisions and the federal sentencing guidelines, on May 17, 2001, the district court sentenced Cox to 360-months imprisonment[1] on the conspiracy and distribution counts to run concurrently, and sixty-months imprisonment on the firearm count, to run consecutively.[2] On March 19, 2003, on direct appeal, the Second Circuit affirmed Cox's conviction and sentence. Cox did not petition the Supreme Court for a writ of certiorari and thus his conviction became final on June 17, 2003, after the time for filing such a petition expired. Cox timely filed the instant habeas petition on April 28, 2003.

## DISCUSSION

Cox now seeks collateral relief pursuant to § 2255 on the grounds that: (1) he received ineffective assistance of counsel; (2) there was insufficient evidence for the jury to convict him on the firearm count and one of the drug counts; and (3) the

---

[1] At sentencing, this court determined that Cox possessed with the intent to distribute and distributed more than 1.5 kilograms of crack cocaine during the period alleged in the superseding indictment. Based on the Sentencing Guideline for 21 U.S.C. § 841(a)(1), Cox had a base offense level of 38 for conspiracy to possess with intent to distribute 1.5 kilograms or more of cocaine base. A four-level increase was added to that base for Cox's leadership role in the offense. Based on Cox's prior felony convictions, he had a criminal history category of VI. With a total offense level of 42 and a criminal history category of VI, the guideline range was 360-months to life. The statutory penalty for a violation of 21 U.S.C. § 841 is a minimum of 20-years and a maximum of life. See 21 U.S.C. § 841(a)(1).
[2] With regard to the gun conviction, 18 U.S.C. § 924(c) provides a minimum term of imprisonment of five years which is to be consecutive to any other term of imprisonment.

government knowingly used false and perjured testimony to obtain a conviction.  The government contends that Cox's petition is without merit.  The court agrees.

   A. Ineffective Assistance of Counsel

   Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that errors were made of such serious magnitude that petitioner was deprived of the "counsel" guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.  In essence, petitioner must submit evidence showing that he was deprived of his constitutional right to a fair and reliable result.  See id. at 687.

   Here, Cox cites several instances of ineffective assistance of counsel.  Specifically, he claims that counsel failed to (1) challenge the district court's jurisdiction and standing; (2) argue that the federal statutes under which he was convicted were unconstitutional; (3) object to the jury instructions pertaining to what constitutes "using" a firearm under 18 U.S.C. 924(c); (4) argue that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; (5) argue that there was insufficient evidence of a conspiracy to distribute cocaine base;

4

and (6) argue that his sentence was illegal.  The court finds no merit in any of these claims.

       1.   <u>Counsel's Alleged Failure to Challenge Jurisdiction and Standing</u>

Cox claims that his counsel should have moved to dismiss the indictment for lack of jurisdiction over the narcotics offenses and lack of standing.  The government contends that the district court properly exercised jurisdiction over Cox's drug trafficking offense and counsel was therefore not ineffective for failing to raise a frivolous objection.  The court agrees.

18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over "all offenses against the laws of the United States."  18 U.S.C. § 3231 (2000).  Chapter 13 of Title 21 of the United States Code defines federal criminal offenses involving unlawful importation, possession, and distribution of controlled substances.  See 21 U.S.C. §§ 801-971 (2000).  Chapter 13 is unquestionably a "law of the United States."  Cox was charged with drug offenses in violation of 21 U.S.C. §§ 841 and 846, which are contained in Chapter 13.  The district court therefore had subject matter jurisdiction over Cox's indictment.  Raising a jurisdictional challenge would have proved fruitless and so Cox's counsel was not ineffective for failing to raise such an argument.

Cox's contention that the government lacked standing is also meritless because the government unquestionably has the power to enforce the federal drug laws.  See 28 U.S.C. § 547 (2006) ("each

5

United States attorney within his district shall . . . prosecute for all offenses against the United States"). It would therefore also have been unproductive for Cox's counsel to raise such a claim.

      2.   <u>Counsel's Alleged Failure to Argue that Cox was Convicted under Statutes that are Unconstitutional</u>

Cox next claims that his counsel should have argued that the statutes under which he was convicted, 21 U.S.C. §§ 841 and 846, are unconstitutional because they create "irrebuttable presumptions of fact" concerning the type and quantity of drugs and thus denied him the opportunity to disprove the allegations charged against him. The Government maintains that no such presumptions are created by 21 U.S.C. §§ 841 and 846. The court agrees.

21 U.S.C. § 841(a) provides that it is unlawful for an individual to distribute or possess with intent to distribute a controlled substance. <u>See</u> <u>id.</u> Section 841 provides that if the distribution or possession involves fifty grams or more of a substance containing cocaine base, and the individual charged with this crime has a prior felony drug conviction, then that individual is subject to punishment for a term of imprisonment of no less than 20 years and no more than life. <u>See</u> 21 U.S.C. § 841(b)(1)(A). Further, 21 U.S.C. § 846 provides that "any person who . . . conspires to commit any offense defined in this subchapter [i.e., § 841] shall be subject to the same penalties as those prescribed for the offense, the commission of which was

6

the object of the . . . conspiracy." 21 U.S.C. § 846 (2000). Neither statute contains irrebuttable presumptions of fact.

To the contrary, when an individual is charged with a violation of § 841, the government has the burden of demonstrating beyond a reasonable doubt that the individual knowingly distributed or possessed the enumerated controlled substance as well as the threshold quantity that triggers the imposition of the statutory maximum term of imprisonment. See United States v. Thomas, 274 F.3d 655, 673 (2d Cir. 2001) (holding that "after Apprendi, drug type and quantity are elements of the offense under 21 U.S.C. § 841 that must be charged in the indictment and submitted to the jury for its finding beyond a reasonable doubt"). When an individual is charged with a drug possession/distribution conspiracy in violation of § 846, the government has the burden of demonstrating beyond a reasonable doubt that there was an agreement between the individual and others to possess with intent to distribute and to distribute the controlled substance, and that the individual knowingly became a member of that conspiracy. See United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989).

Here, Cox was charged with one count of conspiracy to possess with the intent to distribute and to distribute more than fifty grams of cocaine base and seven counts of possession with the intent to distribute and distribution of cocaine base. To

7

convict Cox, the government was required to prove to the jury each element of these offenses beyond a reasonable doubt and Cox was given the opportunity at trial to refute these charges. Cox was convicted on the basis of the evidence presented by the government and not on any irrebuttable presumptions of fact.

Because this claim would clearly not have been successful, Cox's counsel was not ineffective for not raising it.

    3.   Counsel's Alleged Failure to Object to the Jury Instructions

Cox claims that his counsel was ineffective for not objecting to the jury instruction regarding what constitutes "using" a firearm as charged in count fourteen of the superseding indictment. That count, which alleged that Cox "on or about June 20, 1998 . . . did knowingly use and carry a firearm . . . during and in relation to a drug trafficking crime," was based on the drug transaction in which Cox accepted a gun from Marazita as collateral for Marazita's purchase of drugs. The jury was instructed, without objection by Cox's counsel, that "an individual who exchanges a controlled substance for a firearm, uses the firearm during and in relation to a drug trafficking crime." Cox contends that accepting a gun as collateral for the purchase of drugs does not constitute "using" a gun within the meaning of 18 U.S.C. § 924(c), and that his counsel should have objected to the jury instruction.

Cox raised this issue in his direct appeal and the Second Circuit rejected it. See United States v. Cox, 324 F.3d 77, 81-

8

84 (2d Cir. 2003) (holding that Cox's use of the gun as collateral to facilitate the drug transaction constituted "use" of a firearm within the meaning of 18 U.S.C. § 924(c)). However, even if Cox's counsel had objected to the instruction at trial, the objection would not have been successful because at that time, the Supreme Court had previously determined that that § 924(c) employed the term "use" expansively. See Bailey v. United States, 516 U.S. 137, 148-150 (1995) (finding that "[t]he language of § 924(c)(1) . . . compels the conclusion that Congress intended 'use' in the active sense of 'to avail oneself of'"). At trial, the evidence showed that Cox used a firearm as collateral to secure future payment for a drug transaction -- he used the gun as leverage to facilitate a future transaction in which he would realize the value of the drugs he had sold by relinquishing the gun for cash. In so doing, Cox "availed" himself of the gun, and thus "used" it within the meaning of § 924(c).

Accordingly, Cox's counsel was not ineffective for failing to object to the jury instruction since any such objection would not have been successful based on the prevailing Supreme Court authority.

    4. Counsel's Alleged Failure to Argue Cruel & Unusual Punishment

Cox next argues that his counsel was ineffective for not arguing that his 420-month sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. The government

9

contends that raising such a claim would almost certainly have failed and so Cox's counsel was not ineffective for failing to raise such an argument.  The government is correct.

Cox's 35-year sentence falls well within constitutional bounds.  Indeed, the Supreme Court has held that a sentence of life imprisonment without parole for a first offense of possession of 650-grams of cocaine was not cruel and unusual punishment in violation of the Eighth Amendment.  See Harmelin v. Michigan, 501 U.S. 957 (1991).  The Second Circuit has also held that a sentence of life imprisonment for a serious drug trafficking offense does not constitute cruel and unusual punishment.  See United States v. Torres, 941 F.2d 124, 128 (2d Cir. 1991); see also United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir. 1994) ("sentences of life imprisonment for narcotics dealers are not 'cruel and unusual' within the meaning of the Eighth Amendment").

This court sentenced Cox to less than life imprisonment for his various drug trafficking and firearm offenses.  The court properly looked at the drug quantity involved and other sentencing enhancements to arrive at a guidelines sentence range[3] that incorporated the mandatory statutory minimum required by Cox's prior felony drug conviction and his conviction under 18 U.S.C. § 924(c), and properly sentenced him to the minimum term of imprisonment within that guideline range.  The resulting 35-

---

[3] See note 1 supra.

10

year sentence is not "cruel and unusual" as contemplated by the Eighth Amendment. Therefore, Cox's counsel was not ineffective for failing to make such an argument.

>	5.	Counsel's Alleged Failure to Argue Insufficient Evidence of a Conspiracy

Cox maintains that his counsel was ineffective for not asserting that the government's evidence was insufficient to establish a conspiracy to distribute cocaine. The government points to the overwhelming amount of evidence adduced at trial demonstrating a conspiracy and submits that this claim is frivolous. Cox's contention fails. Because there was sufficient evidence of the alleged conspiracy, Cox does not meet Strickland's prejudice requirement -- i.e., that if his counsel had raised such a claim, it would have made a difference. See Strickland, 466 U.S. at 694.

A defendant challenging the sufficiency of the evidence bears a heavy burden. See United States v. Gonzalez, 110 F.3d 936, 940 (2d Cir. 1997). Evidence will be found to be legally insufficient only where, viewing the evidence in the light most favorable to the government and construing all inferences in its favor, no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. See id.

Here, there was ample evidence adduced at trial to support the jury's verdict on the conspiracy charge. The government offered the testimony of three cooperating witnesses, Grant, Marazita, and Davis, who each recounted their participation in

11

Cox's drug trafficking enterprise. Specifically, Grant testified that he began working for Cox in 1998. He described how he accompanied Cox to New York to purchase cocaine and then assisted him in converting it to crack so that it could be sold to customers. He said that he delivered crack cocaine and collected money for Cox, and that he frequently sold $50 bags containing one-half gram each. He explained how pagers were used to get in touch with the customers. Grant also identified numerous other people associated with these drug activities. Marazita testified about his long history of purchasing crack cocaine from Cox and his associates. Davis explained how he had been a customer of Cox since approximately 1997 and eventually became a driver and deliveryman for him. He testified that he drove Cox to New York City on several occasions so Cox could purchase cocaine, that he saw Cox convert powder cocaine into crack cocaine, and that he then delivered the crack to Cox's customers.

    The government also introduced testimony of law enforcement officers who conducted undercover purchases of crack cocaine from Cox and his associates on several occasions in 1998. These police officers recounted how they would page Cox, await a return phone call, speak to Cox to arrange a specified dollar amount of crack cocaine, and then meet him at a nearby location to make the purchase. The conversations between Cox and the officers were recorded and the transactions were videotaped. These recordings and videos were introduced into evidence and the officers

identified Cox as the person speaking and shown on the tapes. A forensic chemist analyzed the substances purchased and concluded that each substance was cocaine base.

The abundant amount of evidence adduced at trial was certainly sufficient to support the jury's verdict of a drug conspiracy. Therefore, since Cox's insufficient evidence claim would not have been successful, it was not ineffective for his counsel to not raise it.

### 6. Counsel's Alleged Failure to Argue Illegality of Sentence

Cox next claims that his counsel was ineffective for not asserting that his sentence was illegal because it was based on facts, such as drug quantity and role in the offense, that were not proved by the jury beyond a reasonable doubt,[4] and therefore he was deprived of his constitutional right to a jury trial.[5] In support of this claim, Cox relies on Blakely v. Washington, 542 U.S. 296 (2004), which was decided after Cox's conviction became final. Cox's contention does not withstand scrutiny.

At the time Cox was sentenced, the sentencing guidelines were mandatory and it was appropriate and constitutional for the

---

[4] Specifically, Cox points out that the jury only convicted him of conspiring to possess with the intent to distribute and to distribute fifty grams of cocaine base, but for sentencing purposes, the court found that Cox conspired to possess with intent to distribute and to distribute more than 1.5 kilograms of cocaine base, and that the court, not the jury, found that Cox had a leadership role in the offense.

[5] Cox also asserts that the sentencing guidelines are unconstitutional because they were not created by an act of Congress. That argument is easily disposed of since it is well established that the sentencing guidelines do not violate the delegation doctrine or separation of powers. See Mistretta v. United States, 488 U.S. 361 (1989); see also Booker v. United States, 543 U.S. 220, 242 (2005) ("Our holding today does not call into question any aspect of our decision in Mistretta.").

13

court to consider drug quantity and the other "sentencing enhancements" without the jury having found the particular facts on which the court based the enhancements beyond a reasonable doubt.  While the Supreme Court had held in Apprendi v. New Jersey, 530 U.S. 466, 490-91 (2000), that any fact other than a prior conviction that would increase the penalty for a crime beyond the applicable statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, Cox's sentence did not run afoul of Apprendi because he was not sentenced above the statutory maximum term of life imprisonment.

Under Apprendi, once the government has proved to the jury all the elements of an offense that triggers the imposition of a statutory maximum term of imprisonment, the court has the power to determine factors relevant to sentencing that were not submitted to the jury, as long as the court's determinations do not enhance the defendant's penalty above the statutory maximum. See United States v. White, 240 F.3d 127, 136 (2d Cir. 2001) (holding that Apprendi applies "only when a sentencing court's findings increase the penalty faced by the defendant above the statutory maximum for a given count and not when they merely affect the length of a sentence within the statutory range."); see also United States v. Garcia, 240 F.3d 180, 184 (2d Cir. 2001) (holding that "a guideline factor, unrelated to a sentence above a statutory maximum . . . may be determined by a sentencing judge and need not be submitted to a jury.").  So, for example,

14

under Apprendi, a sentencing court can determine the specific quantity of drugs attributable to the defendant. See United States v. Thomas, 274 F.3d 655, 663-64 (2d Cir. 2001) ("that drug quantity is an element of a § 841 offense does not preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes . . . in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum."); see also United States v. Blount, 291 F.3d 201, 215 (2d Cir. 2002) (noting that where "the quantity seized does not reflect the scale of the offense, the Guidelines require the district court to estimate the amount of drugs involved in the offense.").

Here, based on the evidence adduced at trial, the jury found Cox guilty of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base. Because Cox had a prior felony drug conviction, he faced a statutory maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii). At sentencing, this court determined that Cox had distributed more than 1.5 kilograms of cocaine base and also that he had a leadership role in the offense. Based on these factors and on Cox's criminal history,[6] the court calculated an appropriate sentencing range under the guidelines and imposed a

---

[6] Cox additionally contends that for sentencing purposes, a court has no power to consider a defendant's prior convictions. This contention is incorrect. It is well settled law that a court may consider a defendant's criminal history in imposing a sentence. See United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001). Apprendi explicitly carved out an exception for prior convictions.

15

sentence within that range.  Because the sentence the court imposed did not exceed the statutory maximum of life, there was no violation of Apprendi.

Cox's reliance on Blakely and Booker[7] in support of his illegal sentence argument is also unavailing because the Second Circuit has held that Blakely is not retroactive on collateral review. See Carmona v. United States, 390 F.3d 200, 203 (2d Cir. 2004).  Blakely was issued on June 24, 2004.  Since Cox's conviction became final on April 28, 2003, before Blakely was decided, he may not avail himself of Blakely.  Moreover, the Second Circuit has also held that Booker does not apply retroactively to cases on collateral review.  See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) (holding that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued.").  Since Cox's conviction became final

---

[7] In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Id. at 303 (emphasis in original).  So the relevant statutory maximum is the maximum sentence a judge may impose without finding any additional facts.  See id. at 303-04. After Blakely, the Supreme Court, in United States v. Booker, 543 U.S. 220 (2005), held, inter alia, that Blakely applied to the sentencing guidelines and thus any fact, other than a prior conviction, which was necessary to support a sentence that exceeded the maximum authorized by the facts established by the jury verdict, must be admitted by the defendant or proved to the jury beyond a reasonable doubt. Id. at 243-44.
   In his petition, Cox does not claim that his sentence violates Booker, however, this is his next logical argument since Blakely did not apply to the federal sentencing guidelines until the Supreme Court so held in Booker. Seeing as this would be his next logical contention, this makes it clear that such an argument would not be successful since Cox cannot avail himself of Booker.

16

on June 17, 2003, before the date <u>Booker</u> was issued, he cannot avail himself of <u>Booker</u> either.

Since Cox's sentence is not illegal, his counsel was not ineffective for not raising such an argument.

B. <u>Insufficiency of Evidence (Counts Thirteen & Fourteen)</u>

In addition to his ineffective assistance claims, Cox also claims that his conviction on counts thirteen and fourteen was illegal because it was based on insufficient evidence. Specifically, he maintains the evidence was insufficient to convict him of knowingly possessing cocaine base with intent to distribute as charged in count thirteen, and to convict him for using and carrying a firearm in relation to the drug trafficking crime as charged in count fourteen. He asserts that the evidence was insufficient because (1) there was no evidence that he both used and carried a firearm as charged in the indictment, and (2) there was conflicting testimony as to the actual date those crimes occurred[8] and thus the government did not prove that the crimes occurred "on or about June 20, 1998," the date charged in the indictment.

These claims, however, are procedurally barred because they have already been raised and rejected on Cox's direct appeal. <u>See</u> <u>United States v. Cox</u>, 324 F.3d 77 (2d Cir. 2003); <u>United States v. Cox</u>, 59 Fed. Appx. 437 (2d Cir. 2003). On rejecting Cox's first contention, the Second Circuit held that "where, as

---

[8] On direct examination, Marazita testified that he gave the gun to Cox sometime in June 1998, in exchange for cocaine; he later testified that he gave Cox the gun in July 1998, in exchange for crack cocaine.

17

here, the indictment charged the defendant with 'using and carry[ing] a firearm,' the defendant may be convicted if he either used or carried a firearm." See Cox, 324 F.3d at 82 (emphasis added). Because there was sufficient evidence that Cox "used" a firearm,[9] the court held that the government did not need to prove that Cox "carried" a firearm. See id. As to Cox's second contention, the Second Circuit found that where "on or about" language is used, the government is not required to prove the exact date if a date reasonably near is established. See Cox, 59 Fed. Appx. at 439. The court found that there was no material variance between the proof and the charges in the indictment and held that there was sufficient evidence for the jury to conclude that Cox possessed cocaine base and used a firearm "on or about June 20, 1998." See id.

Since these claims have already been disposed by the Court of Appeals, Cox is procedurally defaulted from raising them again in this 2255 petition. See Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995) (stating that "section 2255 may not be employed to re-litigate questions which were raised and considered on direct appeal").

### C. The Government's Alleged Use of Perjured Testimony

Cox's final ground for § 2255 relief is that the government knowingly used perjured testimony to obtain convictions on counts thirteen and fourteen. Specifically, he asserts that Marazita

---

[9] See supra at p.9-10.

lied when he testified that he gave the gun to Cox in June 1998, (the truth being that he gave the gun to Cox in July 1998), and that the government knowingly allowed this false testimony.

To reverse a conviction based upon an allegation of perjured testimony, a defendant must show "(i) the witness actually committed perjury, (ii) the alleged perjury was material, (iii) the government knew or should have known of the alleged perjury at time of trial, and (iv) the perjured testimony remained undisclosed during trial." United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000).

Cox falls far short of meeting these requirements. He offers no evidence to show that Marazita intentionally testified falsely or that the government had any knowledge of the alleged perjury. He also does not show how this alleged discrepancy was material. He also ignores the fact that this discrepancy in Marazita's testimony was brought to the attention of the jury by Cox's counsel who vigorously cross-examined Marazita at trial and highlighted his inability to recall the dates without relying on documents shown to him to reconstruct the timing of events.

Moreover, Cox's claim would nevertheless fail because he failed to raise it on direct review. See Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998). Where a criminal defendant procedurally forfeits his claim by failing to raise it on direct review, the claim may be raised in a 2255 petition only if the defendant can demonstrate cause for failing to raise the

19

issue and prejudice resulting therefrom. See id. Cox has not shown why he failed to raise this claim on appeal, nor has he shown any resulting prejudice. Therefore, this procedurally defaulted claim fails.

    D. <u>Cox's Request for a Hearing</u>

Cox has requested an evidentiary hearing for his various claims. Section 2255 provides that a court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (2006). Based on the above analysis, petitioner Cox is not entitled to relief, therefore his request for an evidentiary hearing is denied.

CONCLUSION

Based on the foregoing reasons, Cox's petition for a writ of habeas corpus [dkt. ## 193, 200, 226] is DENIED.

So ordered this 5th day of May, 2006, at Bridgeport, Connecticut.

```
                       _____/s/_____
                            Alan H. Nevas
                       United States District Judge
```