IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

FILED
2008 MAY 19 P 2:12
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>VS )<br>)<br>JASON COX, )<br>)<br>Defendant. )<br>_____) | Criminal No:<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION TO REDUCE SENTENCE |

This Court has jurisdiction to modify the Defendant's sentence now under the plain language of 18 U.S.C. §3582(c) which states and provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c). Each of the predicate conditions conferring jurisdiction are met in this case; Mr. Cox was sentenced based on a sentencing rance that was subsequently lowered by the Sentencing Commission on Nov. 7, 2007. Mr. Cox was sentenced on or about May 21, 2001 to 420 months in prison. He has been incarcerated since the guilty verdicts were rendered on January 27, 2001.

## Reasons For Granting Movant's Petition

The last phrase of §3582(c)(2) - "If such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" supports the grant of this motion. The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between crack and powder cocaine sentence should be made retroactive. This motion is entirely consistent with that policy statement and accordingly, should be granted.

Hence, the Sentencing Reform Act as interpreted in <u>United States v Booker</u>, 543 U.S. 220 (2005), applies to every component of the Act including Section 3582(c). Although Booker was presented as a Constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the United States Sentencing Guidelines, but does not mandate adherence to the sentencing ranges or to policy statements. 543 U.S. at 261; See, also <u>Kimbrough v United States</u>, 2007 U.S. 4292040, at 10 (Dec. 10, 2007); <u>Gall v United States</u>, 2007 WL 4292116, at 6 (Dec. 10, 2007). The advisory nature of the Guidelines applies to all aspects of the sentencing process including a initial sentencing, appellate review of a sentence, and re-sentencing upon remand. As stated in <u>Clark v Martinez</u>, 543 U.S. 371, 378 (2005); The operative language of a statute applies without differentiation to all three categories that are its subject" (discussing 8 U.S.C. §1231). Here, the rule of the Sentencing Guidelines in the Sentencing Reform Act must be consistent. Accordingly, the final phrase of §3582(c)- "If

such reduction is consistent with applicable policy statements issued by the Sentencing Commission" - must be read consistently with Booker as advisory only, and not as limiting the discretion of the sentencing court.

The same reasoning applies to §3532(a)(4)&(B). In considering a §3582(c) motion, any Commission policy statement limiting discretion to grant a motion under §3582(c) - including time limitations - is invalid because such temporal limitations or restrictions on discretion is contrary to §3582(c). Stinson v United States, 508 U.S. 35, 38 (1993). The court in considering a §3582(c) motion can consider the commission's advice that a reduction may only be brought before the court as of now, but the court is not bound by that advice.

However, it is Movant's firm position that this Honorable Court does has the authority to reduce his sentence to any offense level now this court feels appropriate in light of Kimbrough and Gall, supported by the Supreme Court judges opinions, to act now and modify Mr. Cox's sentence ths court deems appropriate.

Reason Number Two

Mr. Cox's Requests To Have An Evidentiary Hearing In Light Of
The Provisions Of 3582(c) Because His Sentence Enhancement
Under The Crack Cocaine Guidelines Should Be Set Aside And
Corrected In View Of The Sixth Amendment Right To A Jury
Trial Clause

In the present case before the Court, the district court had committed plain error under Apprendi v New Jersey, 530 U.S. 466 (2000); and Blakely v Washington supra. In Apprendi we held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt". 530 U.S. at 490

In Blakely, we clarified that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." However, in Mr. Cox's case, the court had erred when the trial judge had sentenced him to a term of imprisonment beyond that which the jury's finding could support. In the event, had the district court sentenced Mr. Cox based upon the amount and type of cocaine base found by the jury, the statutory maximum of the Federal Sentencing Guidelines for his crime would have been 37 months. See, United States Sentencing Commission, Guideline Manual, §2D1.1(Nov. 2001).

In the present case, the district court, determined at sentencing that Mr. Cox was responsible for 2,077 grams of crack cocaine, thus exposing him to a statutory maximum of life imprisonment. See, Id. §841(b)(1)(A), this error has affected Mr. Cox's "Substantial Rights" because the district court over his "Sentencing Objections" ultimately sentenced him to 360 months, a sentence which was substantially greater than the jury verdict would support. See, <u>Blakely V Washington</u>, 542 U.S. 296, clarifying that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict. Id at 303.

Furthermore, it should be noted that this same identical argument addresses the tension between a mandatory minimum sentence and a non-guideline sentence, the former based solely on the notion that crack cocaine dealers should be punished much more severely than powder cocaine dealers as a function of relative drug quantity. In short, the sentencing disparity created by the 100:1 ratio presents two significant dilemmas. First, the ratio is binding for

one purpose - imposing the ultimate sentence. Second, the Guidelines Sentence, determined primarily by drug quantity, is often inconsistent with section 3553(a) because it is greater than necessary to achieve the goals of sentencing.

To this extent Mr. Cox asks this court to reverse his sentence and sentence him in accordance with the jury verdict, because the type and quantity of drugs were not charged to the jury for a finding of proof beyond a reasonable doubt.

## CONCLUSION

Mr. Cox prays that the Court grant him an Evidentiary Hearing on these issues that are raised inside the instant petition for the first time, in view of <u>Ciak v United States</u>, 59 F.3d 296 (2nd Cir. 1995).

Respectfully Submitted,

Jason Cox, pro se

# CERTIFICATE OF SERVICE

I, *Jason Cox*, do hereby certify under the penalty of perjury (28 U.S.C. §1746) that I have served a true and correct copy of the following document(s):

*Motion to Modify Sentence*

which, pursuant to Houston v. Lack, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have place the material referenced above in a properly sealed enveloped with first-class postage (stamps) affixed and I addressed it to:

*United States District Court*
*U.S. Courthouse*
*915 Lafayette Boulevard*
*Bridgeport, CT 06604*

and deposited said envelope via hand delivered to the Mail Room Staff at the United States Penitentiary Pollock, LA, on this *11* day of *May* 2008.

Respectfully submitted,

*Jason Cox*
Reg. No. *40224-050*
U.S. Penitentiary Pollock
P.O. Box 2099
Pollock, LA 71467