UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR69(AHN) |
| | : | |
| JASON COX | : | July 8 2008 |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On January 23, 2001, Jason Cox (the "Defendant") was convicted by jury of several violations of federal drug trafficking and firearms laws. On May 17, 2001, defendant was sentenced to 420 months imprisonment; 360 months for the drug trafficking offenses and 60 months for the firearms offenses to run consecutively. At sentencing, the court determined that the defendant possessed with intent to distribute and distributed more than 1.5 kilograms of crack cocaine during the period alleged in the superseding indictment. Pursuant to the applicable Sentencing Guidelines for 21 U.S.C. §841(a)(1), the defendant had a base offense level of 38. A four level increase was added for the defendant's leadership role in the offense. Based on the defendant's prior felony convictions, he had a criminal history of VI. With a total offense level of 42 and a criminal history category VI, the guideline range was 360 months to life for the drug trafficking. As for the firearms offenses, the statutory penalty for a violation under 18 U.S. C. 924(c) provides a minimum term of imprisonment of five years to be served consecutively with any other sentence of imprisonment.

On February 8, 2008, the Defendant filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. For the reasons stated herein, the Government respectfully submits that this amendment, however, is inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range.

**I.     BACKGROUND**

On April 4, 2000, a grand jury sitting in Bridgeport, Connecticut returned a multi-count indictment against Jason Cox and others charging various violations of the federal narcotics and firearms laws. On August 1, 2000, the grand jury returned a twenty-count Superseding Indictment against the defendants. Count One charged the defendants with conspiring to possess with the intent to distribute and to distribute more than 50 grams of cocaine base between approximately January 1, 1997, and April 2000, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). Defendant Jason Cox was further charged in Counts Two, Three, Thirteen, and Sixteen through Twenty with possessing with the intent to distribute and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), on various dates in 1998 and 2000. Count Fourteen charged Jason Cox with using and carrying a firearm during and in relation to the drug trafficking crime alleged in Count Thirteen, in violation of 18 U.S.C. § 924(c). Count Fifteen charged Jason Cox with possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

On August 28, 2000, the government filed notice pursuant to 21 U.S.C. § 851 of its intent to seek enhanced sentencing penalties against the defendants based on their prior felony drug convictions. On January 9, 2001, the district court granted the Government's motion to sever the

felon-in-possession counts (18 U.S.C. § 922(g)(1)) from the trial of the remaining counts of the Superseding Indictment, and these counts were ultimately dismissed on motion of the government following the return of guilty verdicts on the other counts of conviction. On January 16, 2001, the district court granted the Government's motion to dismiss Count Twenty of the Superseding Indictment.

Between January 16, 2001 and January 23, 2001, the district court conducted a trial on the remaining counts of the Superseding Indictment. On January 23, 2001, the jury returned guilty verdicts against the defendants on all remaining counts.

On May 14, 2001, the district court denied Jason Cox's motion for judgment of acquittal as to Counts Thirteen and Fourteen of the Superseding Indictment. On May 17, 2001, the district court sentenced Jason Cox to 360 months imprisonment on Counts One, Two, Three, Thirteen, Sixteen, Seventeen, Eighteen, and Nineteen, all sentences to run concurrently to Count One and to each other, and 60 months imprisonment on Count Fourteen, to run consecutively to the other sentences imposed. It also imposed a ten-year period of supervised release and a total special assessment of $900.

Defendant is now serving his federal sentence.

## II.     DISCUSSION

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

   (B) an amendment listed in subsection (c) does not have the effect of lowering

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

>   the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### A.    The Defendant is not entitled to a reduction in his base offense level as it does not reduce the defendant's sentencing guidelines range.

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not

7

benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

  In the present case, the Defendant was found to be responsible for more than 1.5 kilograms of cocaine base which resulted in a base offense level of 38. In addition the Defendant received a 4 point role enhancement under U.S.S.G. § 3B1.1(a). The Defendant's total offense level, under the Sentencing Guidelines in effect at the time, was 42. The PSR calculated the Defendant's Criminal History Category to be a category VI. A total offense level of 42 and a Criminal History Category of VI results in a guideline imprisonment range of 360 months to life. Under the November 1, 2007 amendment to the guidelines, the Defendants base offense level would be reduced to 36 but he would still have the 4 point role enhancement. This would result in a total offense level of 40. A total offense level of 40 and a criminal history category of VI results in a guideline imprisonment range of 360 months to life. In addition, the amendment to the guidelines does not change the Defendant's sentence of 5 years imprisonment on each of the three counts for the firearms violations. Despite the reduction in the base offense level, the

guideline imprisonment ranges remain unchanged. For this reason, the defendant is not entitled to any relief under 18 U.S.C. § 3582(c).

### III. CONCLUSION

For all of the reasons stated above, the government respectfully requests that the court deny the Defendant's motion pursuant to 18 U.S.C. §3582(c)(2), seeking the retroactive application of amendment 706.

Respectfully submitted,

NORA R. DANNEHY
UNITED STATES ATTORNEY

_____
WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BLVD, RM 309
BRIDGEPORT, CT 06604
Telephone: (203) 696-3000
FEDERAL BAR NO. ct20813
E-mail: william.m.brown@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 8TH day of July, 2008, I caused a copy of the foregoing Response to be sent by first-class mail, postage prepaid, to the following:

    Jason Cox 40224-050
    Prisoner No.
    USP POLLOCK
    U.S. PENITENTIARY
    P.O. BOX 2099
    POLLOCK, LA 71467

    Robert E. Brouffard
    U.S. Probation Officer
    157 Church Street, 22nd Floor
    New Haven, CT 06510

    WILLIAM M. BROWN, JR.
    ASSISTANT UNITED STATES ATTORNEY