FILED

IN THE UNITED STATES DISTRICT COURT

2008 JUL 21 P 2:44

FOR THE DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA, )
   (Plaintiff) )
)
v. )
)
JASON COX, pro se )
   (Defendant) )

Criminal No. 3:00cr69(AHN)

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C.A. § 3582(c)(2) AND INCORPORATED MEMORANDUM OF LAW

    Here comes Jason Cox, pro se (hereinafter referred to as "Movant" for convenience of the Court) hereby respectfully moving this Honorable Court to supplement his previously filed 18 U.S.C.A. 3582(c)(2) motion with this instant submission in the interest of justice, in order to fully detail the eligibility for such relief.

Jurisdiction

    A sentencing court's authority to reopen, and reduce a sentence under 18 U.S.C.A. § 3582(c)(2) is triggered when the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to its power to review and revise the Guidelines. The new amended version of the <u>crack</u> guidelines, squarely rests within that description. Effective November 1, 2007; the Commission lowered the sentencing ranges for crack offenses by two levels, due to its determination that the Guidelines were "unconstitutional" as the Guidelines <u>over-punished</u> crack offenders. On December 11, 2007. The Commission voted to make

these amended guidelines retroactive. <u>Therefore nothing is needed to trigger the court's authority to revisit a sentence under 18 U.S.C.A. 3582(c)(2)</u>. Hence, the instant submission.

## PREFACE

First, the Movant herein respectfully directs the court to note that the amended section of U.S.S.G. § 1B1.1 10 (o)(2)(B), should be treated as "advisory" pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005); and <u>Cunningham v. California</u>, ____U.S. ____, 137 S.Ct. 856 (2007).

Second, nothing in the statutory of language of § 3582(c)(2) requires that the Guideline amendments actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence. Rather, the statute requires that the <u>defendant's sentence be based on a sentencing range that has subsequently been lowered</u>. <u>Gall v. United States</u>, ____, U.S. ____, 128 S.Ct. 586 (2007). Which mandates that "a district court should begin <u>all</u> sentencing proceedings by correctly calculating the applicable Guideline range." Therefore, the guidelines should be the starting place, and the initial benchmark, of course, they aren't the only factors to be considered; as the court must consider <u>all</u> of the 18 U.S.C.A. § 3553(a) factors as well.

Third, **all crack sentences are a result of the disparate** (which still exist) **and disproportionately inconsistent crack guidelines sentencing ranges.** For, it was these sentencing ranges that represented the starting point of <u>every</u> federal drug offender's sentence; before and after the <u>Booker</u>, <u>supra</u>, decision; even if the defendant was ultimately sentenced under 21 U.S.C.A. § 851 (a) or any other enhancement provision.

Therefore, this court has the inherent authority to issue whatever sentence it deems necessary to ensure that justice is rendered in the instant case. <u>United Mine Workers</u>, 330 U.S. at 291.

**PROPOSITION OF LAW:**     MR COX'S PRIOR CONVICTION WASN'T A SERIOUS DRUG OFFENSE, PURSUANT TO 18 U.S.C.A. §3559(H)(ii), AND THEREFORE THE PRIOR COULDN'T BE UTILIZED PURSUANT TO 21 U.S.C.A. 851(a)(2)

I.    Section 841(b)(1)(A)(iii) of the Controlled Substance Act provides that a person who is guilty of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." The relevant penalty/ enhancement provision of §841 (b)(1)(A) provides:

> "If any person commits such a violation <u>after a prior conviction for a felony drug offense has become final</u>, such person shall be sentenced to a term of imprisonment, which may not be less than 20 years and not more than life imprisonment."

A.    The applicability of the enhancement thus rests on the meaning of the phrase "**prior conviction for felony drug offense.**" It is clear, that § 851 (a)(2) corresponds with 18 U.S.C.A. 3559 (H)(ii), thus:

> (H) Information filed by U.S. Attorney
>
> (4) The provision of section 411(a) of the Controlled Substances Act (21 U.S.C. 851(a)) **shall apply to the imposition of sentence under this subsection**

> (H) the term "serious drug offense" means
> (1) an offense that is punishable under section 401 (b)(1)(A) or 408 of the Controlled Substance Act (21 U.S.C.A. § 841(b)(1)(A) or section 1010(b)(1)(A) of the Controlled Substance Import And Export Act (21 U.S.C.A. § 960(b)(1)(A)) or
>
> (ii) "an offense under state law, **had the offense been prosecuted in a court of the United States, would have been punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C.A. 841 (b)(1)(A); 848) or section 1010(b)(1)(A) of the Controlled Substances Import And Export Act (21 U.S.C.A. 960(b)(1)(A))**"
>
> [emphasis added]

Thus, the prior state drug offense, must be an offense that's punishable under the Controlled Substance Act § 841(b)(1)(A). Mr. Cox's "simple" possession <u>prior</u>, falls very far from that tree. As the state prior must be at least five kilos or more, according to the forementioned cited statute. Which is congruent with Congress's intent when they enacted the statute, that intent being to punish upper echelon drug offenders. In <u>United States v. Hardin</u>, 108 Fd. Appx. 74 (4th Cir. 2004) Hardin's prior state drug convictions weren't considered "serious" drug offenses, the court held: "For a state drug conviction to count as a predicate qualifying prior, the conviction must involve a specified (and sizeable) quantity of drugs." In addition, the Hardin Court cited 3559(H)(ii) as its authority. Therefore, in the instant matter. The government <u>must</u> look at the drug quantity amount of Mr. Cox's prior drug conviction in order to determine if its a "serious drug offense" pursuant to 3559(H)(1), and (H)(ii). In addition, the court must employ a <u>Shepard</u> analysis in doing so <u>Taylor v. United States</u>, 109 L.Ed. 2d. 607 (1990).

-4-

"An information <u>may</u> <u>not</u> <u>be</u> <u>filed</u> under this section if the increased punishment which may be imposed is imprisonment for a term in <u>excess</u> <u>of</u> <u>three</u> <u>years</u>, unless the person either waived or was afforded **prosecution by indictment for the "offense" for which such increased punishment may be imposed.**" [emphasis added]

A.  Mr. Cox avers that his prior convictions must be charged in his indictment, as the 851(a) statute requires. Should the government contend that the word "offense" at issue refers to the prior "offense" as opposed the instant "offense," then, Mr. Cox assumes arguendo, and avers that the statute is ambiguous in this regard also. Therefore, the rule of leniency must apply <u>Ortiz</u> <u>supra</u>.

Wherefore, the Movant herein respectfully request that the court, in its review pursuant to 18 3582(c)(2), consider the propositions of law set forth herein, pursuant to 18 3553(a) as factors it must reconsider before imposing a sentence, and that this Supplement be considered incorporated into the Movant's initial 3582(c)(2) motion.

Respectfully Submitted

_____
Jason Cox    pro se

Certificate Of Service

I, Jason Cox, do hereby certify under the penalty of perjury (28 U.S.C. § 1746) that I have served a true and correct copy of the following documents;

Motion To Supplemental SS82 Motion

I have placed the material referenced above in a properly sealed envelope with first class postage affixed and addressed it to;

The Clerk of the Court
915 Lafayette Boulevard
Bridgeport, CT 066__

And deposited said envelope via hand delivered to the mail room staff at the U.S.P Pollock, La on the 12 day of July 2008.

Respectfully Submitted

Jason Cox