# MANDATE

D. Conn.
00-cr-69
Nevas, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July , two thousand eight,

Present:

Hon. José A. Cabranes,
Hon. Barrington D. Parker,
Hon. Reena Raggi,
        *Circuit Judges.*



Jason Cox,

                *Petitioner,*

        v.                                      08-2692-op

United States of America,

                *Respondent.*

Petitioner, *pro se*, requests an order authorizing the United States District Court for the District of Connecticut to consider a second or successive 28 U.S.C. § 2255 motion. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h).

The Supreme Court has recently ruled that a person who trades his drugs for a gun does not "use" a firearm within the meaning of 18 U.S.C. § 924(c)(1). *See Watson v. United States*, 128 S.Ct. 579, 581 (U.S. Dec. 10, 2007). Nevertheless, 28 U.S.C. §§ 2244(b) and 2255(h) prohibit Cox from filing a second or successive § 2255 motion based on *Watson* for at least three reasons: (1) *Watson* is a statutory, not constitutional, rule; (2) Cox raised this claim in his first § 2255 motion; and (3) to the extent that *Watson* is a new rule of law, the Supreme Court has not made it retroactive to cases on collateral review. To the extent that Cox asserts actual innocence, his claim would fail even in a first

A TRUE COPY
Thomas Asreen, Acting Clerk

by *Gislaine Phillip*
        Deputy Clerk

ISSUED AS MANDATE: AUG 2 6 2008

§ 2255 motion, because "'actual innocence' means factual innocence, not mere legal insufficiency." *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*