UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :
     v.                        :       Crim. No. 3:00cr69(AHN)
                               :
JASON COX                      :


RULING ON MOTION FOR RELIEF FROM JUDGMENT

Now pending before the court is petitioner Jason Cox's
("Cox") motion for leave to amend his petition under 28 U.S.C.
§ 2255 [doc. # 318].  For the reasons given below, the court
construes Cox's motion for relief from judgment as a second
§ 2255 petition, and as such, transfers it to the Second Circuit
for a determination as to whether Cox may proceed with the
petition in this court.

FACTS AND PROCEDURAL HISTORY

The court assumes the parties' familiarity with the facts
and procedural history underlying this case and only relates
those facts necessary to address the instant motion.

On January 23, 2001, a jury convicted Cox of one count of
conspiracy to possess with intent to distribute more than fifty
grams of cocaine base in violation of 21 U.S.C. §§ 846 and
841(b)(1)(A), seven counts of possession with intent to
distribute and distribution of cocaine base in violation of
§ 841(b)(1)(A), and one count of using and carrying a firearm
during and in relation to a drug-trafficking crime, in violation
of 18 U.S.C. § 924(c).  Following Cox's conviction, the court

sentenced him to a total term of 420 months of imprisonment.    The

Second Circuit affirmed his conviction and sentence.    United

States v. Cox, 324 F.3d 77, 79 (2d Cir. 2003); United States v.

Cox, 59 F. App'x 437, 438 (2d Cir. 2003).

   In 2003, Cox filed a habeas petition pursuant to 28 U.S.C.

§ 2255, which sought to overturn his conviction on the grounds

that he received ineffective assistance of counsel, the

government presented insufficient evidence for the jury to

convict him on two counts, and the government knowingly used

false and perjured testimony to obtain his conviction.    Before

the court ruled on his petition, Cox filed two motions to amend

the petition, which supplemented these arguments.    The court

granted both motions to amend, and after considering all the

arguments in the petition and the motions to amend, denied the

petition on the merits.    Cox did not appeal, and therefore, the

court's ruling became final.

   Now, almost two years after the court denied Cox's § 2255

petition, Cox has filed a third motion to amend his petition.    He

now seeks to attack his sentence on two other grounds: first,

that his conviction on the § 924(c) count was unconstitutional

under the Supreme Court's recent decision in Watson v. United

States, 128 S. Ct. 579, 586 (2007); and second, that the court

violated his Sixth Amendment right to a jury trial by making findings at sentencing.[1]

### DISCUSSION

Although Cox styles the present motion as a motion to amend his § 2255 petition, the motion is most appropriately construed as a second § 2255 petition because the court has already considered and decided a previous § 2255 petition and Cox now raises additional arguments collaterally attacking his sentence. See, e.g., Whiting v. United States, No. 97-2033, 1998 WL 1281294, at *2 n.1 (1st Cir. June 26, 1998) (upholding a district court's dismissal of a post-adjudication motion to amend a § 2255 petition as a successive petition).  Moreover, because Cox's motion to amend raises new arguments relating to his underlying criminal conviction and sentence and does not challenge the sufficiency of the court's ruling on his original § 2255 petition, the present motion cannot reasonably be construed as a motion to reconsider the court's previous ruling under Fed. R. Civ. P. 60(b).  Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (stating that "relief under Rule 60(b) is available with

---

[1] Cox also argues that he is entitled to a two-level reduction in his sentence by virtue of the Sentencing Commission's Amendment 706, which retroactively lowered terms of imprisonment defendants convicted of offenses involving crack cocaine.  The Clerk docketed this as a separate motion for reduction in sentence pursuant to 28 U.S.C. § 3582(c) [Doc. # 278], and therefore, the court separately considers whether Cox is entitled to that relief.

respect to a previous habeas proceeding only when the Rule 60(b)
motion attacks the integrity of the habeas proceeding and not the
underlying criminal conviction").

So construed, the court concludes that the merits of the
petition cannot be considered at this time because Cox has not
sought authorization from the Second Circuit to bring a
successive petition.  The Anti-terrorism and Effective Death
Penalty Act ("the AEDPA"), codified in part at 28 U.S.C. § 2255,
"requires that an applicant who wishes to file a successive
petition first 'move in the appropriate court of appeals for an
order authorizing the district court to consider the
application.'"  Haouari v. United States, 510 F.3d 350, 352 (2d
Cir. 2007) (quoting 28 U.S.C. § 2244(b)(3)(A)).  Because "the
authorization requirement [for second or successive habeas
petitions] is jurisdictional and . . . cannot be waived," Torres
v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003), the court does
not have jurisdiction to reach the merits of Cox's claims.  See,
e.g., United States v. Smith, No. 1:92-cr-0262 (LEK), 2008 WL
84593, at *1 (N.D.N.Y. Jan. 7, 2008).

Nevertheless, dismissal is not necessary.  In situations
such as this – where a petitioner has not moved in the Second
Circuit for permission to file a successive petition and instead
files that petition directly with the district court - the Second
Circuit has instructed the district court to transfer the case to

it for a determination of whether the petition warrants such

authorization.  See Liriano v. United States, 95 F.3d 119, 123

(2d Cir. 1996) (stating that a district court "should transfer

the [successive] petition . . . to th[e Second Circuit] in the

interest of justice pursuant to [28 U.S.C.] § 1631"); see

generally Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001)

(discussing transfer procedure).  Therefore, in accordance with

that instruction and for the purpose of allowing Cox to seek

authorization to bring this petition, the court transfers this

petition to the Second Circuit pursuant to 28 U.S.C. § 1631.

CONCLUSION

    For the foregoing reasons, the court CONSTRUES Cox's motion

to amend his § 2255 petition [doc. # 318] as a successive § 2255

petition and, so construed, TRANSFERS the petition to the Court

of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631

for a determination as to whether Cox may bring the petition in

this court.  To the extent Cox seeks a certificate of

appealability of this ruling, the court sua sponte DENIES Cox a

certificate of appealability because he has not made a

substantial showing of the denial of a constitutional right.  See

Eltayib v. United States, 294 F.3d 397, 400 (2d Cir. 2002).

SO ORDERED this 27th day of August 2008, at Bridgeport,

Connecticut.


                                    _____/s/_____
                                    Alan H. Nevas
                                    United States District Judge