United States District Court
District of Connecticut
FILED AT    NEW HAVEN

9/14 2009

Roberta D. Tabora, Clerk

By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :

v.    :    Docket No. 3:00CR69(AHN)

JASON COX    :

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Jason Cox ("Cox"), seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission. Cox's motion is based on Guideline Amendment 706, which generally reduces by two levels the § 2D1.1 base offense levels pertaining to the quantity of crack cocaine attributed to a defendant. The government opposes the motion and asserts that a sentence reduction is not authorized under § 3582(c)(2), because application of the Amendment would not have the effect of lowering Cox's guideline range. The court agrees, and for the following reasons, denies his motion [doc. # 278].

I.    **Factual and Procedural Background**

On January 23, 2001, a jury convicted Cox of one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(iii), six counts of possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c).

After the verdict, the Probation Department prepared Cox's Presentence Report ("PSR"). The PSR determined that Cox was responsible for the distribution of more than 1.5 kilograms of crack cocaine, which resulted in a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(3)(1).

It added four levels pursuant to U.S.S.G. § 3B1.1(a) for his leadership role, which gave him a total offense level of 42. Based on his criminal history category VI, his guideline range was 360 months to life imprisonment. In addition, the firearm count carried a statutory 60-month penalty to run consecutively with any other term of imprisonment.

At sentencing, the court (Nevas, J.), adopted the facts and calculations in the PSR and sentenced Cox to a total of 420 months of imprisonment – 360 months on the drug counts and a consecutive 60-month sentence on the gun count.

## II. Section 3582(c)(2) and Amendment 706

In November 2007, the Sentencing Commission amended the Sentencing Guidelines to generally reduce by two levels the base offense levels of U.S.S.G. § 2D1.1(c), which apply to crack cocaine convictions. See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). While the Amendment was made retroactive, the district court is only authorized by 18 U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statements permit a sentence reduction only if the Amendment has the effect of lowering a defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a). Thus, even if Amendment 706 has the effect of reducing a defendant's base offense level by two levels, the court has no authority to reduce his sentence if the reduced offense level does not lower his guideline range. It is now settled that "the term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." United States v. Martinez, -- F.3d -- , No. 08-3454-cr, 2009 WL 2004208, at *2 n.3 (2d Cir. July 13, 2009) (quoting and adopting United States v. Mateo, 560 F.3d 152, 155 (3d Cir.

2

2009) and holding that "to determine which Guideline a defendant's sentence is based on we look only to the end result of the overall calculus ... and not to the "interim" steps taken by the District Court").

To determine whether a reduction is warranted in any given case, the district court is instructed to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court calculates the amended guideline range by substituting the amended offense level of § 2D1.1(c), but leaves "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

### III. Determination of Whether a Reduction is Warranted

It is true that application of the amended guidelines results in a two-level reduction of Cox's § 2D1.1 base offense level for the quantity of crack cocaine involved – from level 38 to level 36. As before, four levels are added for his leadership role, giving him a total offense level of 40. With an offense level of 40 and a criminal history category of VI, his sentencing range under the amended guidelines is 360 months to life, which is the same as it was when he was sentenced in 2001. Thus, the crack cocaine amendments do not have the effect of lowering Cox's applicable guideline range within the meaning of § 1B1.10, and resentencing is not authorized. See United States v. Keith, Nos. 08-1821-cr, 08-2708-cr, 2009 WL 962282, at *2 (2d Cir. Apr. 10, 2009) (holding that § 1B1.10(a)(2)(B) did not authorize the defendant's sentence reduction even if Amendment 706 reduced his offense level from 40 to 38, because "his criminal history category – which Amendment 706 does not change– would still impose a guideline range of 360 months to life") (emphasis in original); United States v. Williams, 551

3

F.3d 182, 185 (2d Cir. 2009) (noting that a defendant's sentence is not based on a range that was lowered by the Sentencing Commission where "the range upon which [his] sentence was based is unaffected by the change in his base offense level"). In addition, because the Amendment has no effect on his 60-month sentence on the gun count, that consecutive term of imprisonment remains as before. Accordingly, because Amendment 706 does not have the effect of lowering Cox's applicable guideline range, a sentence reduction is not authorized. E.g., Martinez, 2009 WL 2004208, at * 3; U.S.S.G. § 1B1.10(a)(2)(B).

The court will not consider the additional arguments Cox raises in support of resentencing because a full resentencing is not authorized by either 18 U.S.C. § 3582(c) or U.S.S.G. § 1B1.10. Moreover, the Second Circuit has made it clear that only a claim based on a guideline amendment may be raised in a § 3582(c) motion, and thus the court has no jurisdiction to entertain his challenges under Apprendi, Booker and its progeny, Kimbrough, or otherwise. Indeed, according to the Second Circuit, the policy statement's directive that a sentence cannot be reduced if the crack cocaine amendment does not have the effect of lowering a defendant's sentencing range is mandatory, not advisory, and binding on district courts in this Circuit. United States v. Savoy, 567 F.3d 71, 76 (2d Cir. 2009); accord United States v. Carr, 557 F.3d 93, 105 (2d Cir. 2009).

**IV. Conclusion**

For the foregoing reasons, Cox's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 278] is DENIED.

SO ORDERED.

_/s/ Ellen Bree Burns, SUSDJ_
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated this __15__ day of September, 2009 at New Haven, Connecticut